UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                            Case No. 8:12-cr-301-TPB-SPF

SHAWN LOUIS SUTTER,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S "MOTION TO
DISMISS VIOLATION OF SUPERVISED RELEASE
FOR LACK OF SUBJECT MATTER JURISDICTION"**

This matter is before the Court on Defendant's "Motion to Dismiss Violation of Supervised Release for Lack of Subject Matter Jurisdiction," filed by counsel on September 2, 2021. (Doc. 414).

On August 6, 2021, Defendant filed a motion requesting immediate release from custody due to a lack of subject matter jurisdiction. (Doc. 397). The Court directed the Government to respond. (Doc. 398). The United States filed its response in opposition on August 13, 2021. (Doc. 400). On August 30, 2021, the Court denied the emergency motion without prejudice to any right Defendant may have to raise the arguments again at the final revocation hearing.[1] (Doc. 411).

On September 2, 2021, Defendant filed the instant motion, which raises substantially similar or identical arguments to the August 6, 2021, motion. The Court then addressed these arguments at the final revocation hearing, held on September

---

[1] Following the Court's denial of the motion, Defendant filed a petition for writ of habeas corpus with the Eleventh Circuit Court of Appeal. The petition was dismissed on September 2, 2021. (Doc. 412).

16, 2021.  Following argument, the Court denied the motion.  This written Order memorializes and explains the Court's oral ruling as follows:

## Background

On January 28, 2013, Defendant pled guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine (actual) and 500 grams or more of methamphetamine (mixture) pursuant to a written plea agreement.  On April 26, 2013, the Court sentenced Defendant to 240 months incarceration, followed by 10 years supervised release.  On May 24, 2018, the Court reduced Defendants' sentence pursuant to a Federal Rule of Criminal Procedure Rule 35 motion, reducing his incarceration to 100 months incarceration.  On June 23, 2021, Defendant was arrested by the Polk County Sheriff's Office.  An arrest warrant was subsequently issued based on this alleged violation of the conditions of supervised release.

## Analysis

In his motion to dismiss, Defendant argues that he is entitled to immediate release pursuant to 28 U.S.C. § 2241 because he is being illegally detained without the Court having subject matter jurisdiction.  As grounds, Defendant argues that the May 24, 2021, Rule 35 hearing constituted a resentencing, and that the sentencing judge failed to pronounce a term of supervised release during the resentencing.  Because the oral pronouncement of a sentence controls over a written sentence, Defendant argues that the Court lacks jurisdiction over violation of supervised release proceedings.

Defendant's motion is procedurally improper.  The motion attacks the imposition of a sentence and must therefore be brought pursuant to 28 U.S.C. § 2255

rather than 28 U.S.C. § 2241.  However, Defendant has already filed two § 2255 motions – the first was denied in 2014, and the second was denied in 2019.  *See Sutter v. United States of America*, 8:14-cv-939-T-17 (M.D. Fla.); *Sutter v. United States of America*, 8:14-cv-1385-T-17SPF (M.D. Fla.).  He has not sought leave with the Eleventh Circuit to file a successive motion.  As such, the instant motion constitutes a second or successive § 2255 motion filed without permission.

Even if the Court were to address the merits, however, the Court would still deny relief.  Upon thorough review of the record, and with the benefit of oral argument, the Court finds that the May 24, 2018, hearing did not constitute a full resentencing.  Rather, the Court simply reduced the incarcerative portion of Defendant's sentence pursuant to Rule 35; the term of supervised release was not impacted whatsoever.

Accordingly, Defendant's "Motion to Dismiss Violation of Supervised Release for Lack of Subject Matter Jurisdiction" (Doc. 414) is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 14th day of October, 2021.

                  **TOM BARBER**
                  **UNITED STATES DISTRICT JUDGE**