UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          Case No. 8:12-cr-301-TPB-SPF

SHAWN LOUIS SUTTER,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE AND SUPPLEMENTAL MOTION(S)

This matter is before the Court on Defendant Shawn Louis Sutter's motion for compassionate release, filed *pro se* on July 22, 2024. (Doc. 478). On July 23, 2024, the Court directed the United States to respond to the motion. (Doc. 479). On July 31, 2024, Defendant filed a substantially similar motion seeking compassionate release. (Doc. 481). On August 2, 2024, the Government filed its response. (Doc. 440). On August 6, 2024, Defendant filed a supplement to his motions. (Doc. 483). After reviewing the motions, response, supplements, case file, and the record, the Court finds as follows:

On September 20, 2021, the Court sentenced Defendant to 48 months' imprisonment after he was adjudged guilty of violating the terms of his supervised release. (Doc. 419). *Specifically, the Court found that Defendant committed new criminal conduct by trafficking more than 200 grams of methamphetamine as alleged in the violation petition.* Although he was previously serving his sentence at

a halfway house, Defendant was reincarcerated after failing a drug test.[1] He is currently incarcerated at FCI Williamsburg, and he is projected to be released on or about February 7, 2025.

In his motions, Defendant requests that the Court modify or reduce his sentence to release him from federal prison due to his medical conditions. Specifically, Defendant asserts that he has a brain aneurysm and sustained other injuries after being crushed by a vehicle on March 27, 2024. He also appears to claim to suffer from serious medical conditions unrelated to the accident, such as "multilevel cervical spondylosis with severe left neuroforaminal narrowing" and kidney stones. Defendant seeks release under 18 U.S.C. § 3582(c)(1)(A), sometimes referred to as "compassionate release."

A district court is not free to modify a term of imprisonment once it has been imposed, except upon motion of the Director of the Bureau of Prisons ("BOP"), or upon motion by the defendant, after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or 30 days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009). To warrant a reduction of his sentence in this case, Defendant must present "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

---

[1] On April 9, 2024, during a routine drug screening by the Tampa halfway house, Defendant tested positive for methamphetamine. Defendant claims that he was framed after rejecting the sexual advances of a halfway house staff member, but he provides no further information to substantiate this allegation.

After reviewing the applicable law and facts presented here, the Court finds that Defendant is not entitled to relief. The Court finds that Defendant has not demonstrated extraordinary and compelling reasons warranting a modification of his sentence based on his medical conditions.[2] Defendant has not alleged or shown that he has a terminal illness or that any of his alleged medical conditions constitute a serious physical or medical condition that substantially diminishes his ability to provide self-care within the correctional facility and from which he is not expected to recover. Although it appears that Defendant suffered serious injuries around four months ago, the medical records demonstrate that he has largely recovered and is receiving adequate care from BOP medical facilities.

Even if Defendant could establish an extraordinary or compelling reason for compassionate release, the applicable Section 3553(a) factors weigh strongly against granting compassionate release in this case. Considering the § 3553 factors, including Defendant's criminal history and characteristics, the Court finds that release would not be appropriate here. As the Government points out, "[t]here are few federal defendants with more flagrant and unrepentant criminal histories than [Defendant]." The Court notes that the current judgment of revocation represents Defendants' *fourth* federal case involving significant methamphetamine trafficking.

---

[2] In USSG § 1B1.13, the Sentencing Commission has set specific examples of "extraordinary and compelling reasons" that may qualify a defendant for compassionate release, including: (1) the defendant suffers from a terminal illness or a serious physical or medical condition that substantially diminishes his ability to provide self-care and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old and experiencing a serious deterioration in his physical or mental health, and he has served at least 10 years or 75% of his prison sentence; (3) particular family circumstances; and (4) other reasons as determined by the BOP.

Moreover, with each new incident, Defendant has increased the amount of drugs he was trafficking. While incarcerated, he has had *fifteen disciplinary incidents* involving fighting, possessing hazardous tools, and using other inmates' telephone accounts. His most recent BOP disciplinary penalty was incurred when he was found to have forged a letter.

Defendant's history and characteristics demonstrate that he presents a danger to the community – prison is where he needs to be, for as long as possible. Consequently, Defendant's motion and supplemental motion(s) for compassionate release are hereby **DENIED**.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 27th day of August, 2024.

TOM BARBER
UNITED STATES DISTRICT JUDGE